that the proper application of this court's decision in U.S. v. Medgar mandates that the suspension of the six-year statute of limitations that Judge Lake had approved in 2016 was only for a six-month period of time. Therefore, it's our position that Judge Hughes had abused the discretion in denying the motions to dismiss that Appellant Pursley had submitted that were really not litigated and that at a minimum, some of the counts should be dismissed and or a remand for further factual development. The motion to dismiss denial is a lot harder to prevail on than the denial of the jury instruction, isn't it? Yes. Yes, Your Honor. I would think any district judge on a fact-specific issue of when's the final act would just say, let's hear it. Let's wait for trial. Do you have a case where without filing a motion to strike in a bill of particulars, any circuit court has resisted, has reversed a denial of a motion to dismiss? Yes, I believe Judge Davis was on the panel in Wilson that reversed, this court reversed and remanded for an additional hearing after they did not, the trial court had denied the motion to dismiss. After trial, there was an appeal. This court affirmed the denial of the motion to dismiss, but then said, because of a factual dispute concerning whether the letter on the... That's more of a sufficiency issue, isn't it? Well, no. It wasn't sufficiency of the evidence. It was a factual issue as to whether, in fact, the Bahamian government had actually received a letter that the government said they had sent, but there was an issue of proof there. That had only been raised not in the original motion to dismiss, but in a renewal or a motion to reconsider after the trial evidence problem. It was after, well, Judge Hintner did not hold a hearing on that. He denied that. This court remanded it to Judge Hintner. Judge Hintner then had an evidentiary hearing. I'm just interrupting because of your time, but we can give more time. Why aren't you pressing more of the jury instruction? Of course, you want both. Well, I think they go hand in hand, Your Honor, and yes, I think the jury instructions are so fundamentally flawed that there has to be a new trial granted on all four counts, but at the same time, I don't want to waive the opportunity to have this court address the motion to dismiss in the first instance because if this court were to affirm the denial of the motion to dismiss, it would be a law of the case, and I could not relitigate that before Judge Hughes on a remand if there was a retrial based on the . . . Counsel, while we're on the motion to dismiss, as I understand it, there was no evidentiary hearing on that motion? There was nothing. Did you ask for one? The motion to dismiss did not specifically ask for an evidentiary hearing, nor did the May 2019 second motion to dismiss that raised the statute of limitations issue . . . Okay, and was there an attempt to obtain discovery? As I understand it, there's some documents that the government has pertinent to the exchange between the Isle of Man and so on, but we've only seen in the record a few of those documents. Was there an attempt on your part, or I should say on the defendant's part, to subpoena those records or try to obtain them elsewhere? Your Honor, the record does not reflect that, and obviously I was not either of the . . . Mr. Persily had two sets of attorneys, and I was not involved in that. I didn't get involved until shortly before sentencing, but yes, there appear to be eight letters of transmission from the Isle of Man to our government. One and only one, the 5-18-17 letter, is in the record. The other letters are alluded to in an August 17, 2017 letter from DOJ, one attorney to another attorney, referencing the other Isle of Man letters. I suppose you could always move for a bill of particulars and say, what are the acts per count? What is the final act?  That was not done, Your Honor. Well, then we get to trial, and you've just got a lot of evidence as to all four counts. They all have a six-year statute of limitations. Correct. Okay, so then you renew the motion, you request a jury instruction. Correct, Your Honor. The government's position previously at the jury charge conference was no, no, no, no, for a variety of reasons, but on appeal, they're primarily saying that it wasn't law . . . the way you phrased it wasn't correct. Well, trial counsel, that's a problem because Judge Hughes never addressed the length of the suspension. When he came out in November of 2018 at the first pretrial hearing after Persley had filed his original motion to dismiss on statute of limitations, the government had responded in the sealed document. Yes, we know that. Okay. Judge Hughes just . . . because of what Judge Lake did, I'm not going to address this. So there was no actual litigation concerning the length. But in that rather chaotic jury charge conference, he eventually says, you know, I'll do it. I think it's two years and nine months. Yes, based on what the government says to him. That's correct, Your Honor. So at that point, should you have said, okay, we'd like to now modify our proposed jury instruction because now we know the amount of time told? Well, counsel certainly suggested that. In fact, Mr. Beatty, who was counsel for the government, admitted and conceded the court could give an instruction, admitted that as to count one, there were acts prior to the statute of limitations. And as I think we've demonstrated, counts two, three, and four also contain dates preceding the government's suggested statute of limitation as extended back to February 10 of 2010 or February 18 of 2010. So it is our position, Your Honor, that yes, a new trial on all counts should be granted because the jury was not instructed that in order to convict, it must find as to count one, an overt act committed within the limitations period as U.S. versus man requires. And as to the three substantive tax evasion counts, the jury was not instructed that before they could convict, they had to find that an affirmative act of evasion. Two quick questions. Yes, Your Honor. You didn't ever ask your client for a jury unanimity request, correct? And either that's because you looked at the law and it's not clear there has to be unanimity in an affirmative defense context? Go ahead and answer that. I'm not convinced that he did, that counsel, one of their instructions on the, it's referenced in the statement of the case in the brief, there are three or four other requested instructions that touch upon and relate to the statute of limitations request. But no, I can't represent. What does the case law say? Is it like a manner and means they don't have to be unanimous? No, I think they do have to be unanimous. What's the best case for that? I think Irby on Irby and Mann, certainly the charge in Mann required the jury to find unanimously that at least one overt act is a conspiracy. And I believe, and I'm sorry, Your Honor. No, that's all right. It's a complex point. It is. Because for manner and means overt acts, you don't have to have unanimity. But for an affirmative defense statute of limitations, you do? I believe so. Yes. Wilson, I'm not sure it's Wilson, but Massimino and Smith's Supreme Court opinions indicate that and I'm drawing a blank on the case in the brief that supports that. Your argument, your irreversible argument is special to any unanimity issue. It's you didn't get the instruction at all. That's correct, Your Honor. And because of that, that's why the de novo standard applies, because the jury instructions, given the affirmative defense that was raised and preserved, i.e. statute of limitations, that becomes an element of the offense that the government bears the burden of proving. What if implicit in the district court's denial of that instruction request was its finding that tolling went all the way up to indictment, because the Isle of Man response in May was only as to one request, but that Judge Lake had explicitly told based on multiple requests? Well, Your Honor, there's an issue there, okay, and I think that's a factual issue because if you look at the letter that they, the Isle of Man, the only letter in here, the 51817 letter, it makes reference to the supplemental request, but they're responding to the initial request because they are responding with Royal Bank of Scotland records. So it's, although it's phrased as to the 2nd or the, I guess that's March 15th or 16th. March 1st, not the February 1st. Not the February 1st. But the documentation attached shows that it's responding to the original by virtue. He wouldn't decide that in the first instance, right? No, no, but that's why I suggested, and I'm really convinced in light of Wilson that there should be a remand because it's just not clear. It's just not totally clear, and I think, well, okay. Counsel, let me ask you, not to interject into the discussion about the interruption and the, are you waiving any argument that the October 17th, 2013 overt act alleged in count one was not in furtherance of the conspiracy, because it doesn't seem like it's briefed very much. I'm not waiving it, Your Honor, but with regard to that particular point, because of the jury charge issues and the remand on anything and the space limitations, and as the court could see, I had to adopt them because that's a very complicated case. The record was huge. Well, let me know. I'm not waiving it, Your Honor. But the key is obviously when the last act occurred. So, for instance, like in count two, it seems like you're arguing that the last affirmative act, well, the indictment charges the last affirmative act was on August 7th of 2010. I should say that you argue that, but doesn't the indictment allege on count two all the way through 2017? Your Honor, and that's a faux pas by me. I did not, if you look at the indictment, the next page, there's one line at the top, and it talks about, I believe, the 4-7 corporate tax returns all the way to 17. Right, right. So, that was an error on my behalf that I owned, Your Honor, my fault. My position is that that is not an affirmative act of evasion, it's just not. Those seven, whatever the entities was, did not relate to the 2009 tax return. Okay, and for count three, same question, a similar question, I should say, the last affirmative act alleged was on October 12th, 2011, but the indictment alleges acts through at least the end of 2012. Is that not correct? Your Honor, I'd have to double-check that because of my confusion with counts, but I had the last affirmative act as count three would have been October 12th, 2011, the actual filing of the return. Right, that's the argument, but I guess my question is, the indictment, though, alleges acts through the end of 2012. In the affirmative act portion or the other portion of the indictment, it's my position that when the government says affirmative acts and they list one or two, with or without dates, those are the affirmative acts that the jury must unanimously find one of in order to convict normally, and with respect to a statute of limitations defense here, that  Let me also ask you, with regard to these dates, if the instruction had been given, wouldn't the jury verdict form have had, it would have been required that the jury would answer an interrogatory, when do you find the last affirmative act to have occurred as to count one? Isn't that correct? And then they make a factual finding over and above guilt or not guilty. That would be what I, as a defense attorney, would ask. I asked for that in U.S. v. Mann, an opinion that Judge Davis was on the panel, but there Judge Sparks gave us the conspiracy count, which had four or five objectives with different statute dates. He just gave an instruction saying, in order to convict of count one, you must find a unanimously find at least one overt act committed by such date, such date, such date, or such date as to any one of the five objectives. But certainly an interrogatory would be more appropriate, and that's what I had requested in Mann, but this court said Judge Sparks' instruction was adequate to protect my client. You cited Ninth Circuit pattern, so I take it that means our pattern instructions don't really address this. That's a bit of an oversight, isn't it? Well, Your Honor, I'm not critical because I don't think statute of limitations, yes, you're correct, Your Honor, but statute of limitations doesn't come up that often. Well, at least in my practice, it's come up more than maybe other people, but yes, the Fuchs case in Ninth Circuit, make it clear, you look at what District Court did in Segalus, the case that this court reviewed, where she gave an instruction. Give the instruction, get a special verdict by count, count, count, count. That's the easiest thing to do and the way to ensure jury unanimity. Now, we're lucky here because all four counts are six years, right? Correct. We don't even have different pre-accusations. It would have been less confusing. Of course, Judge Fuchs was going to . . . Did you ask the court to give an interrogatory like that? Personally, the counsel did not, Your Honor, and I'm critical of them. They asked just for the instruction and during the charge conference, they refined that because the requested instruction, which had been filed way back, did not include the suspension under 3292 for whatever length it would have probably been under Medar. Of course, I say under Medar, it was limited to six months because the Isle of Man's letter . . . I'm getting the instruction. Well, good point. Yes. Of course, he wasn't going to get the instruction. He learned that at the charge conference right before the charge was given by the judge, but the judge admitted he'd look at count one and see if there were acts outside, which the government had conceded there were acts outside, and then he came back and didn't do anything and I believe my time is up.           I'm sorry. I'm sorry. I'm sorry. I'm sorry. I'm sorry. I'm sorry. I'm sorry. I'm sorry. Mr. Knapp. Thank you, your honors. May it please the court. Greg Knapp for the government. In Medar, this court set down a bright line rule for determining . . . It's a hard rule. I admit it's a rule, but it's a tricky one to apply. Well, the bright line rule that the majority stated was it is positive response to every And our argument here is that it's plain that prior to the return of the indictment, the Isle of Man had not provided a dispositive up or down response to each of the items that the U.S. government had requested, and specifically, still outstanding were the government's requests for several witness interviews as well as a certificate of authenticity. Now, the defense, trying to resist that conclusion, points to the May 2017 letter from an Isle of Man rep that was mentioned earlier. Before we jump to the difficult calculations, under 3992, I take it it's got to be the trial judge that does the calculation, or is it a mixed question of law and fact? Well, it might be a mixed question of law and fact, but in any case, it is the trial judge. And that also follows from Wilson as well. That issue was decided in Wilson, the case of Mayador. But Judge Hughes really never explained, count by count, what his Mayador calculation was. There wasn't any discussion. There wasn't an explanation. Sir, to start, for me, this is what we know solidly, right? The indictment date is September 2018, right? All four counts, you count back six years. Tolling, we know, begins when Judge Lake entered tolling, right? And then the argument is over whether the March request reached finality in May, correct? That is the argument, yes. Counsel, you agree that the government has the burden of showing that the charges were timely brought and that there was a suspension? Well, I'm not sure I do. I mean, it's an affirmative defense of statute of limitations. And so the government's response in tolling was in response to a motion to dismiss as untimely. Now, of course, in the pursuit of that litigation, the government— But if they have evidence— They have the evidence. Exactly. Exactly. I mean— Which they do, right? Then the jury's got to be instructed on it, I think. And as I saw the trial position, it was no, no, no, no. But then on appeal, I see you're shifting primarily to, well, maybe, yes, that's the law, but they didn't request it correctly. Am I right in that shift? That's correct. I'm a little concerned. I think we might be blending two issues. One is the district court's calculation of, is there tolling? What is the limitations period? And then separately, was the defense entitled to a jury instruction on that limitations question? Your Honor is correct. Our position with respect to the second question is that no, because the request of jury instruction set forth the wrong limitations period. I mean, this court's black letter law sets forth that in order to be reversible error from the denial of request of instruction, the request of instruction has to be substantially correct. And here we argue that— The difficulty is to say to them that they didn't get it correctly when they just said a pretty standard affirmative defense. There was pre-accusation delay here. We want the jury to find by count whether there was a qualifying act. And then, I'm assuming it wasn't you, but when you read the charge conference, it is virtually never they've described the law wrong. It's no, Your Honor, it's not appropriate. That's not a good reason. Correct me if I'm wrong. Yeah, it's too late. That's clearly wrong. Then it was, this will invite jury nullification. Correct me if I'm wrong. These are all incorrect legal answers by the government. Are any of those correct? Well, the statement as to it's wrong, it has to be viewed in the context of— Okay. When the government said, this is too complex, don't give it to them, that's wrong. I appreciate the point. Okay. When the government says, don't give them the affirmative defense instruction that you're You see the problem? What happened below, as I read it, is Judge Hughes was told by the government, emphatically, repeatedly, don't give any instruction. The better answer now is, well, what's the right one exactly? But he asked for the plain vanilla. The jury's got to decide if it's too late, pre-accusation delay. It's not, they're opposing a tolling. How could they have come up with the time period when they had opposed it and the judge had never said what he would say it is? Well, the judge accepted the government's arguments. I mean, the government denied the motion to dismiss, and in doing so, accepted what the government had set forth. Not explicitly, not explicitly. Then you hear the trial evidence. Now you know everything you need to know. Every final act by count. And it was a burden of the government to prove, was it not, that the charges were brought within the prescriptive period. Correct. I mean, the government has to. So, wasn't it incumbent on you to make sure the judge charged the jury so that you'd have that established? I disagree with that, Your Honor, because, as I mentioned earlier, the statute of limitations is an affirmative defense, and so to request . . . It was raised. It was raised by the defendant. Doesn't that shift the burden? It was raised generally as limitations defense, but the question under review is whether or not it was then reversible error not to give the instruction that was actually requested by the defense. Because it's . . . Right. But he just requested, give them a statute of limitations instruction. Right. That's not . . . So, what he's saying here is, if the government's response is, well, you've got to tell us the time period, you've got to say what the time period would be. It can't be, but we're still opposing any instruction, right, or where am I wrong in that? Well, it did set forth the time period . . . By count? I think the time period's the same for all the counts based on the application of Section 3292. It was observed, first by the court itself, that the limitations instruction that was proposed did not account for tolling. That's . . . So, if you were back there now, what would the instruction have been? I'm sure you can do it if it's that easy. What should the jury have been told? It would have been appropriate to instruct the jury that they needed to find at least one overt act for conspiracy, one affirmative act for tax evasion, on or after February 18, 2010, which was the limitation state that was accepted, at least implicitly, by the statute of limitations. Could the district court have done that if it had the time and the bandwidth to fix the erroneous instruction that was proposed? Yes, it could have done that. Well, as I read what the government said at the charge conference, it said, well, yeah, you could charge that the jury must find that the charge was brought within the correct prescriptive period, within the statute of limitations, without giving a time limit. Isn't that what was said at the charge conference? Yes. Essentially, it was recognized that that could be done. The problem is there was nothing before the district court to give it the language that was necessary. But isn't it the common practice for the district court at the charge conference, and I read the transcript here, and this seems like a fairly routine charge conference, where charges, proposed charges, are submitted, and very frequently, very frequently, they are written to be helpful to the side who submits them. And the court can modify those as long as it's urged. And in this case, it is urged, because we've got a motion to dismiss even pretrial. As long as it's urged, the district court can adopt or rewrite or revise with the assistance of the opposing party to get the law right, but has to give the charge. In other words, I don't think it's a good argument. Tell me if there's a case that says I'm incorrect. I don't think it's a good argument to say, well, what was submitted was inadequate or was legally deficient, and the court had its hands tied. It could either accept or reject. And as I understand your argument, you're saying it rejected an instruction that was submitted, that was proposed, that was legally inadequate. Correct. And I appreciate your point. The district court, of course, does have the discretion, often does, to rewrite deficient instructions to make them accord with the law, to make them balanced. I mean, again, the question here, I think, is does the failure to do that in this case, where we have what everyone agrees is a relatively complicated issue. I believe my colleague has just acknowledged that as well here today. Was it reversible error for the district court not to take it upon itself and essentially save the defense from himself? And as for cases as to why that should not be reversible error, I would refer— But I think you have proposed from the podium, I think in response to Judge Higginson's question, a fairly easy way to present it to the jury. It's always easier, Honor, after the fact, for appellate counsel to set forth what they might have proposed before the district court. But it's not after the fact. Right. That's right. It came up before, and it's at the jury charge conference, and jury charge conferences sometimes last for many hours. And what you just said, I don't think is—with all due respect, I don't think it's rocket science. You said it, and many other people would fashion an instruction similar to what you have offered, which makes sense. I'm not saying it could not have been done. I'm not saying that. Yet we have cases where other deficient instructions have been proposed. The appellate court and the district court recognized they were deficient, and so no instruction was given. Those cases are usually where, in the charge conference, the government is saying, actually that is an affirmative defense. And let's—here's what—they would do just what you did to us. Here's what we think it ought to be. That would have ripened the Meador calculation issue. Because of course they weren't agreeing to your view. But instead, as I described, the prosecutor just over and over again said, don't give the instruction. And the court didn't. He didn't say, now we're going to work with the defense, and we're going to get it exactly right legally. I'm not sure the district court did that just because of what the government was saying. There was a lot of fluid conversation. Some points were accepted. For example, Judge Hughes recognized that there was a limitations period calculation. The judge said it would look at it, but then ultimately the judge just didn't give the instruction. And we say that is not materially different from, say, Lew. The Lew case side in our brief, the Naranjo case side in our brief, where this court recognized that there were deficiencies. There were opaque aspects of the defense instruction that was proposed. And for that reason, it was not reversible. Part of what's unique here is the 3992 MLAT world does contemplate ex parte contacts. And then they move to strike, and nothing's fleshed out because Judge Hughes says, whatever Judge Lake said, that's what I'll do. So they are handicapped. The government has a private dialogue with the judge. It is a little hard. I've never seen the Meador calculation world. But it's a little hard for a defense attorney if no one's willing to engage. Well, I'd say to the extent there are ex parte applications, that comes well in advance of the jury instructions. That was far over by the time we got to the instructions. I don't understand how that would hamper the exchange of proposed jury instructions. Well, I thought there were back and forth government contact. It was a pretty complex record of the government requests. Your whole argument depends on that, that this was not just a single Isle of Maine finality moment. Nor was it a supplement request requiring a new 3992. It was still an ongoing one. Well, that's our argument with respect to whether or not there was error in not dismissing the counts as time-bombed. That's related but separate to the question of— Yeah, but you can't resolve the instructional point until you figure all that out. Correct. And so that's why we argue that the February 18, 2010 instruction that was argued by the Isle of Man never made a final response to all the items requested by the government. And that is the rule— It didn't make a final response as to what? Well, that's debatable. And I think the more important point is that when that was— It's debatable. It was never made back to a finality. We don't have back-finding in front of us. I say debatable in terms of what finality do you attach to that language. But I'd like to emphasize that the language of the May 2017 letter doesn't matter. Because when that letter came, the Isle of Man's response was not, in the words of Mater, facially complete. That is, unlike in Mater, the Isle of Man had not produced some evidence in response to the categories requested by the government. And so for that reason, on its face, the response isn't complete. There's nothing with respect to witness interviews. There's nothing with— That's a good fact argument, I don't think, and I'm speaking only for myself. We would decide that in the first instance. It might have been nice if Judge Hughes had entertained and made that determination, clarifying what the statute of limitations is. Let's assume he had to have given an instruction corresponding to an affirmative defense that was requested. I'm curious if you have any case law that says, would a special verdict have to follow and would a jury have to be unanimous? Or is it more like a manner and means where you don't require unanimity? Do you have a case, a circuit case, any circuit that confirms the answer to the unanimity question? I don't at my fingertips. What's your opinion? I want to make sure I understand the question. Are we talking about unanimity with respect to the acts generally or unanimity with respect to an act within the limitations period? I'm talking about not unanimity as to an overt act supporting a conspiracy because I think you don't need unanimity as to that. That's manner and means. But you do need unanimity as to elements. My question is affirmative defense. When a statute of limitations request is properly raised, supported by evidence, does the jury have to be unanimous as to at least one act being within the time period? Yes, I think that's right. Okay, I think you're right too. That wasn't here, but he didn't request it. Is that the answer to that? I'm sorry? That wasn't done here. Clearly, this jury was here. No, there was no limitations instruction. Therefore, there was no occasion to instruct them on the unanimity of the acts being within the limitations period. Did I understand the question? No, that's exactly the answer. If it had to be retried, the government is agreeing with what I thought, but I didn't easily find law on it that not only did you get the statute of limitations instruction, but you would then also get the jury told they have to be unanimous as to one act within the period. I want to be careful that there was an act within the period. Our position would be they don't necessarily have to agree on the same act within the limitations period, but yes, that there was one act. So, we're talking about multiple acts. One point I wanted to make earlier, as to this unanimity question, in case it's helpful, I did just check, and in fact, the jury was instructed that they need to find an overt, they need to unanimously agree on one of the overt acts of conspiracy for count one. Conspiracy. Yes, exactly. That's interesting. We would not argue that's necessary, but that charge was given. That's at page 4536 of the record. Since that was discussed earlier, I wanted to mention that. There was also a discussion earlier about some of the sufficiency of the acts that fall within what we contend to be the limitations period, within the limitations period, the last acts charged. I would just suggest that there's been no argument presented as to why those acts are insufficient. And so, any question on that issue should be weighed for purposes of appeal. In any event, I mean, these acts consisted of, for example, the filing of false tax returns that maintained a false reporting position that was central to concealing the taxable nature of the income that was received in prior years. So, for example, count two, 2009 tax evasion. Mr. Pursley had received income, didn't report it in 2009, and also filed corporate returns that misclassified those receipts as paid in capital, as a loan to him that was not taxable income. And so, on the subsequent returns, four sevens in particular, one of his entities, the defendant maintained that classification for 2009-2017. And although those are later year tax returns, it is in furtherance of the 2009 tax evasion because it maintains the lie. It maintains the false reporting mechanism that conceals the taxable nature of the income received in 2009. Again, I don't think that's something the court needs to address, but just in response to something else. Here's something we probably have to address, however we decide this, especially if we're going to reverse it. Are you arguing as to any of the counts that even if it were a reversible error that the affirmative defense wasn't given, it's harmless because even accepting the May 18, 2017 point that they urge, nonetheless, one or more of the substantive counts under any accepted toll... Correct. And I assume you're talking about hypothetical error from the jury instructions, not given the jury instructions. Is that the question? Yeah. Yes. Assume errors to not giving the instruction on their theory of Meador. Are counts three or four... Counts three and four are still unquestionably good because all of the overt acts... Excuse me, I should say the affirmative acts of tax evasion for counts three and four that were charged and proven occurred after the government state, after February 18, 2010. Okay, but what if you accept their theory? Well, I mean, they dispute that, but it's hard for me to respond to that because in my view, there's been no explanation by the defense as to why there are additional counts, there are additional acts that they believe fell before the cutoff date of February 2010. Now, in the... The question related to count three and four may be appropriate on rebuttal is describe the proof as to counts three and four that showed an act that predated even on their calculation. Right, and I believe, just from reading the reply, the claim is that if you look at the indictment, the substantive counts make incorporation of prior paragraphs and the defense is asking this court to assume that those prior dates, some of which were earlier, were part of the proof that must have been presented to the jury, but there's no support for that. And I would also say that's just five more seconds. That's inconsistent with an argument that... Rod, just for your future, you shouldn't say five more seconds, you should ask. Oh, I'm sorry. That's just, it'll help you. No, I appreciate that. Would the court like to hear my final thoughts? I appreciate the permission. I would just say that that argument in the reply brief is inconsistent with an argument that was made in the opening brief, pages 16 through 19, in which the defense insisted that these prior incorporated acts into the substantive counts cannot be considered for purposes of statute of limitations. So I just wanted to make that point. Thank you. Thank you. Thank you, Your Honor. Firstly, this would not be harmless error. The sufficiency of the evidence, what the jury... Counsel, could you take your mask off? Oh, I'm sorry. I apologize, Your Honor. Yes. The sufficiency of the evidence, we're not saying that the evidence was insufficient for the jury to have convicted. What we are saying is that these were elements of the offense as modified by the statute of limitations defense. That element had to be in there. Without that element being submitted to the jury, we don't know that the jury would have convicted... I'm getting mixed up. It's not an element, right? It's an affirmative defense. It's an affirmative defense that becomes an element of the offense that must be charged to the jury once this statute of limitations defense... But on counts three and four, isn't it true that if there were no act that created pre-accusation delay, accepting your Meador calculation, the failure to give the instruction would be harmless? You've got to look at the date as extended by Meador under 3292 before you can make that determination, and we don't have that... But I'm saying except that you're right under 3992, except that you're right with your dating, does it still... Oh, yes, Your Honor. ...counts three and four? Yes, Your Honor. Because with the absence of an instruction telling the jury to find an affirmative act as alleged in the indictment and as proven, then you don't have a conviction based on every element of the offense. You certainly don't have jury unanimity. And remember, the failure to give the charge stripped defense counsel of arguing things to the jury. No defense... That's the whole purpose of Rule 30. You submit the instructions to the court. The court tells you what the instructions are going to be so you can tailor your argument to the jury based on... Yeah, I should have read that. In closing argument, he made no effort to say... He didn't talk about statute of limitations, obviously. He talked about intent and knowledge and the lack of it. And, of course, for an overt... Are you relying on counts of four? I forget my train of thought. In counts of three and four, does your argument depend on the cross-incorporation language? I don't believe so, but clearly there was lots of incorporation into those counts of dates way before. Go ahead with your rebuttal argument. Um, okay. I want to, with regard to the jury charge issue, I believe we cited it at United States v. Megna. It's an old case, 1971 case, but it says very clearly 50 years ago the Circuit Court of Appeals for the Fifth Circuit laid down the rule that where the evidence presents a theory of defense and the court's attention is particularly directed to it, it is reversible error for the court to refuse to make any charge on such theory. That's this court's law. I'm assuming you cited it. You cited it, right? I did, Your Honor. But that's qualified, obviously, by if the requests weren't legally correct. Your Honor, I could not find a case that modified that. I think that case still exists. You can't request an instruction incorrectly. Well, certainly, yes, there are limits probably, but it's the duty of the court to instruct the jury on the elements of the offense, and because that's a defensive issue, that's what the court said. And I am very critical of the government in the charge conference. Although they ultimately conceded, Judge, you could give this charge and you could do it this way, they resisted, resisted, resisted, resisted. Persley did not receive a fair trial because of that. And, of course, the government in their brief does concede that the court should charge on count one as to an overt act. I believe that was conceded that the district court could have properly instructed the jury to find at least one overt act and further into the conspiracy, and at least one of the tax evasion counts, affirmative act of evasion. Now, if this does go back and there isn't finality in the Isle of Man, there's a lot of evidence facing your client, but you're saying he'll be able to argue that it was pre-accusation delay. Your Honor, I believe that if we get those other letters, that the government chose not to put into their sealed submission in response to Persley's motion, there are, as I say, four letters predating the 5-18-17 letter. We don't know what they say. For that matter, we don't have a laundry list of everything that was requested in the 2-18-16 request or the 3-15-16 request, which is called a supplementary. And I want to go back to the point that, just for emphasis, that the Isle of Man 5-18-17 letter responded, although it's couched as responding to the second or the supplementary. I'll let you go longer because I did stop him. You're very gracious. Again, thank you both for getting here. It's a really interesting case, a lot of interesting issues. I think, Whitney, that means we're done.